UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ISRAEL RIVERA QUILES,

                            Plaintiff,

                v.

ANDREW SAUL,
Commissioner of Social Security,

                            Defendant.

_____

DECISION AND ORDER

18-CV-0182L



Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

On February 10, 2014, plaintiff, then forty-six years old, filed an application for a period of disability and disability insurance benefits, alleging an inability to work since August 5, 2010. (Administrative Transcript, Dkt. #8 at 15). His application was initially denied. Plaintiff requested a hearing, which was held on June 9, 2016 via videoconference before Administrative Law Judge ("ALJ") Rosanne M. Dummer. The ALJ issued a decision on October 17, 2016, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #8 at 15-28). That decision became the final decision of the Commissioner when the Appeals Council denied review on December 4, 2017. (Dkt. #8 at 1-3). Plaintiff now appeals from that decision.

The plaintiff has moved for judgment remanding the matter for further proceedings (Dkt. #13), and the Commissioner has cross moved (Dkt. #18) for judgment on the pleadings, pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is denied, the

Commissioner's cross motion is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed.

**DISCUSSION**

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision exhaustively summarizes plaintiff's medical records following a 2007 slip-and-fall at work in which plaintiff injured his back. The ALJ noted evidence of lumbar degenerative disc disease treated with implanted spinal cord stimulator, sciatica, and lumbago, with pain, which she concluded together constituted a severe impairment not meeting or equaling a listed impairment. (Dkt. #8 at 18).

Upon consideration of the record, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform a limited range of sedentary work, with the following restrictions: plaintiff can lift and carry up to ten pounds frequently. He can sit for six out of eight hours in a workday for up to two hours at a time, and can stand or walk for four out of eight hours, up to thirty minutes at a time. He can no more than occasionally reach overhead, but can frequently (not continuously or repetitively) reach in other directions and push or pull. He can no more than occasionally operate foot controls. Plaintiff cannot climb ladders or scaffolds, work at unprotected heights, operate a motor vehicle, kneel, crouch, or crawl. He can occasionally climb ramps or stairs, balance or stoop. Plaintiff can occasionally tolerate humidity/wetness,

temperature extremes and vibration. He can frequently work around moving mechanical parts and tolerate pulmonary irritants. He can tolerate loud noise. (Dkt. #8 at 19).

Given this RFC, vocational expert Stephen P. Davis testified in a written interrogatory that plaintiff could perform the unskilled sedentary positions of lacquerer, laminator, final assembler, brake linings coater, and dowel inspector. (Dkt. #8 at 250, 252-56).

I believe the evidence supports the ALJ's findings concerning the nature and extent of plaintiff's limitations, and that her finding that the plaintiff was not disabled was supported by substantial evidence and was not the product of legal error.

I. **The ALJ's Evaluation of Medical Opinions**

On appeal, plaintiff primarily objects to the weight given by the ALJ to the opinions of plaintiff's neurology/pain specialist, Dr. Jerry Tracy. While acknowledging Dr. Tracy's status as a treating physician, the ALJ opted to afford "limited" rather than controlling weight to Dr. Tracy's opinions that plaintiff was 66%-100% impaired, on the grounds that his opinions were rendered in the context of a Worker's Compensation claim, and pertained to plaintiff's ability to perform his past work as an injection molding tender. (Dkt. #8 at 24). *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000) (the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence).

I do not find that the ALJ's assessments of the medical opinions of record contained reversible error. First, it is well settled that the ALJ may decline to assign a treating source controlling weight if the ALJ cites good reasons for doing so. *See e.g., Phillips v. Commissioner*, 2018 U.S. Dist. LEXIS 61268 at *10 (N.D.N.Y. 2018). Here, the ALJ set forth good reasons for giving only "limited" weight to Dr. Tracy's opinions: his "opinions" consisted largely of

3

percentage-based estimations crafted for purposes of Worker's Compensation proceedings, which were specific to plaintiff's ability to perform his past work.

While the ALJ was incorrect in describing Dr. Tracy's opinions solely as estimations of plaintiff's ability to perform his prior work (when in fact, they contained estimates specific to his prior work, as well as separate estimates of overall temporary disability), that error was harmless: to the extent that they purported to give opinions as to plaintiff's overall "temporary disability," Dr. Tracy's opinions were properly given little weight, in that they were estimates of disability under "a different standard than the Social Security Act." *Guerra v. Commissioner*, 2018 U.S. Dist. LEXIS 133137 at *14-*15 (W.D.N.Y. 2018) (ALJ did not err in declining to grant controlling weight to opinions of treating physicians that were rendered for Workers Compensation purposes).

Moreover, Dr. Tracy's opinions offered little information that could meaningfully assist with the RFC analysis. They listed raw percentages of "temporary" disability (ranging from 66% to 100%), with occasional objective measurements establishing plaintiff's chronic pain, reduced spinal movement, normal muscle tone and strength, and antalgic gait. (Dkt. #8 at 389, 555, 663, 668, 673, 678, 683). They did not otherwise quantify or purport to describe the nature and extent of plaintiff's limitations, nor do they support limitations that are different in nature or extent from those determined by the ALJ.

Plaintiff points out that on April 18, 2014, Dr. Tracy did render a more detailed RFC report, which although outside of the 2010-2012 period under examination by the ALJ, was nonetheless relevant to plaintiff's condition during that time. (Dkt. #8 at 496-98). However, that report, which describes plaintiff's condition following maximal improvement from his back pain treatment, points to an RFC of less than the full range of sedentary work, with limitations substantially similar to those determined by the ALJ. Indeed, other than the lifting and carrying

4

limitations described by Dr. Tracy (which would limit plaintiff to occasional lifting and carrying of 10 pounds, rather than the "frequent" lifting and carrying found by the ALJ), the remainder of Dr. Tracy's April 18, 2014 RFC opinion is similarly restrictive or less restrictive than the RFC ultimately found by the ALJ, and tends to support her findings (e.g., Dr. Tracy opined the ability to occasionally kneel, crouch and/or drive, whereas the ALJ found plaintiff could never perform these activities). (Dkt. #8 at 19, 496-98). The ALJ's RFC finding was also more restrictive than that of consulting internist Dr. Abrar Siddiqui, who examined plaintiff on May 3, 2013 and found that plaintiff has only mild limitations with respect to sitting, standing, climbing, pushing, pulling, and carrying heavy objects. (Dkt. #8 at 337).

In short, while "the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in h[er] decision," she was "entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole." *Matta v. Astrue*, 508 Fed. Appx. 53, 56 (2d Cir. 2013) (unpublished opinion). Furthermore, it is "not require[d] that [the] ALJ have mentioned every item of testimony presented to h[er] or have explained why [s]he considered particular evidence unpersuasive or insufficient to lead h[er] to a conclusion of disability." *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir.1983).

Here, the ALJ discussed the medical opinion evidence, set forth her reasoning for the weight afforded thereto, and cited and discussed specific evidence in the record which supported her determination. As such, I do not find that the ALJ improperly substituted her "own expertise or view of the medical proof [in place of] any competent medical opinion." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015).

I have considered the rest of plaintiff's arguments, and find them to be without merit.

5

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was supported by substantial evidence, and was not based on legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #13) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #18) is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 2, 2019.

P:\DOCS\Rayne\Rivera Quiles v. Commissioner (SS Appeal)\Rivera_Quiles_v_Commissioner_Decision_and_Order_Affirming.docx